**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

ROBERT LESTER HAMMONS,

Applicant,

v.                                                          CIVIL NO. 08-0716 MV/WDS

JERRY PASZKIEWICZ,

Respondent.

**MAGISTRATE JUDGE'S PROPOSED**
**FINDINGS AND RECOMMENDED DISPOSITION[1]**

This is a Petition For a Writ of Habeas Corpus filed under 28 U.S.C. § 2254 by Robert Lester Hammons. (Document #1) Respondent filed an answer in opposition to the Petition. (Document #15) Petitioner filed a reply to the answer (Document # 24) and, at the direction of the Court, Respondent filed a surreply (Document #27) to which the Petitioner filed a rebuttal. (Document # 29) The United States Magistrate Judge, having considered the arguments of the parties, the record, relevant law, and being otherwise fully advised, finds and recommends that the Petition should be dismissed for lack of jurisdiction. The Court makes the following findings and recommended disposition.

**FACTUAL AND PROCEDURAL BACKGROUND**

On October 9, 2001 Petitioner Robert Lester Hammons pleaded no contest in the Second Judicial District of the State of New Mexico to aggravated assault and aggravated battery against a household member and two counts of false imprisonment. He was sentenced to a term of

---

[1] Within ten (10) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such findings and recommendations. A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

supervised probation of five and a half years. The aggravated battery charge was a misdemeanor. The remaining three charges were fourth degree felonies. At some point after making the plea, Mr. Hammons' probation was revoked and he spent part of the sentence incarcerated. Petitioner discharged these sentences on August 21, 2005.

On February 3, 2007 Petitioner was arrested in Bernalillo County on several drug charges as well as possession of a firearm by a felon. In July of 2007 these charges were dismissed in favor of a concurrent federal prosecution, in which the charges were felon in possession of a firearm, felon in possession of ammunition, and possession of a stolen firearm. Under the Armed Career Criminal Act (ACCA), Petitioner faces a mandatory sentence of fifteen years under the pending charges.

On April 17, 2008 Mr. Hammons filed a *pro se* state petition for writ of habeas corpus, in which he claimed involuntary entry of his plea due to ineffective assistance of counsel. His petition was summarily denied. He subsequently filed a petition for writ of certiorari in the New Mexico Supreme Court, which was denied on June 19, 2008. The instant petition was filed on July 31, 2008. Petitioner is currently represented by counsel.

## CLAIMS

In the 2001 state prosecution, Mr. Hammons was represented by counsel Raul Lopez. Petitioner alleges that Mr. Lopez provided ineffective assistance of counsel. Via affidavit, Petitioner alleges that: (1) Mr. Lopez was unwilling to discuss with him the incidents underlying the charges; (2) Mr. Lopez carried out no investigation of the case and interviewed no witnesses; (3) Mr. Lopez pressured him to enter a plea, counseling him that his conviction and incarceration would be a foregone conclusion if he exercised his right to go to trial because criminal charges based on allegations of domestic abuse result in automatic convictions in New Mexico; and (4) Mr. Lopez

never informed Mr. Hammons of his right to appeal and filed no notice of appeal on his behalf.  For purposes of this opinion, the Court accepts all of the above factual allegations as true.

Petitioner seeks to vacate his 2001 no contest pleas, thereby eliminating the sentencing exposure under the ACCA.   Respondent's position, in relevant part, is that the petition should be dismissed because 28 U.S.C. §2254 requires that the Petitioner be "in custody" under the challenged conviction or sentence, and Petitioner completed his sentence and was released from custody before he filed the instant petition.

## ANALYSIS

28 U.S.C. §2254 requires that the petitioner be "in custody" under the challenged conviction or sentence and that the "in custody" requirement is determined as of the time the federal petition is filed.  *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989).  "The custody requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty."  *Hensley v. Municipal Court*, 411 U.S. 345, 351 (1973).

Therefore, the relevant jurisdictional inquiry is whether Hammons filed his federal habeas application challenging his 2001 state conviction while in custody for that conviction.  It is clear from the record that Hammons was not in custody for his 2001 convictions at the time he filed his federal habeas petition on July 31, 2008.  Further, he had long since been released from custody at the time he filed his *state* habeas petition in April 2008.  This is not a situation where the petitioner was in custody at the time of filing but during the course of the federal proceedings was released. *E.g., Spencer v. Kemna,* 523 U.S. 1 (1998).  "Mootness" of the petition is not an issue.

Rather, Petitioner argues that this is the "rare" case referred to by the Supreme Court in *Daniels v. United States*, 532 U.S. 374 (2001) where an exception to the "in custody" requirement should be recognized.  *Daniels* recognized such an exception for cases in which there was a failure

to appoint counsel in violation of the Sixth Amendment, per *Gideon v. Wainwright*, 372 U.S. 335 (1963), and left open the possibility of "rare circumstances" that might lead to additional exceptions. The case at bar, however, is not one of those exceptional cases.

To the contrary, the underlying facts in *Daniels* are strikingly similar to the instant case. Daniels was convicted of four felonies between 1978 and 1981. In 1994 he was tried and convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). His sentence was enhanced under the ACCA. Daniels filed a petition for habeas corpus under §2255, claiming that his sentence enhancement was invalid because two of his four prior convictions resulted from an invalid plea or ineffectiveness of counsel. The Supreme Court held that Daniels, having failed to pursue remedies that were otherwise available to him to challenge his prior convictions while he was in custody on those convictions, could not use a habeas petition directed at his federal sentence to collaterally attack those convictions.

In the case at bar, Hammons has taken a slightly more direct, proactive route, filing a §2254 petition to invalidate his previous convictions in advance of his sentencing under the ACCA. Although the procedure is slightly different, the Court sees no substantial difference between the arguments advanced by Daniels and Hammons. As in *Daniels*, Petitioner could have pursued his claims while he was in custody on those convictions. The Court finds the opinion of the Supreme Court in *Daniels* controlling in this case:

> Were we to allow defendants sentenced under the ACCA to collaterally attack prior convictions through a [habeas] motion, we would effectively permit challenges far too stale to be brought in their own right, and sanction an end run around statutes of limitations and other procedural barriers that would preclude the movant from attacking the prior conviction directly. Nothing in the

Constitution or our precedent requires such a result.

*Id*. at 383.

When Hammons filed his federal habeas petition on July 31, 2008 he was not in custody for the 2001 convictions which are the subject of his pending federal habeas petition. As such, the Court has no jurisdiction to entertain Hammons' federal petition.

## CONCLUSION

The Court recommends that Hammons' Petition for Writ of Habeas Corpus be dismissed for lack of jurisdiction. Because the Court does not have jurisdiction and does not reach the substance of Petitioner's claim, his request for an evidentiary hearing is denied.

_____
W. DANIEL SCHNEIDER
UNITED STATES MAGISTRATE JUDGE