IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ROBERT LESTER HAMMONS,

        Petitioner,

vs.                                                                                           No. 08 CV 0716 MV

JOE WILLIAMS, et al.,

        Respondents.

**ORDER**

**THIS MATTER** came before the Court on Petitioner's Application for a Writ of Habeas Corpus filed under 28 U.S.C. § 2254 [Doc. 1]. Respondent filed an answer in opposition to the Petition [Doc. 15]. Petitioner filed a reply to the answer [Doc. 24] and, at the direction of the Court, Respondent filed a surreply [Doc. 27] to which the Petitioner filed a rebuttal [Doc. 29]. Having reviewed the record *de novo* and considered the United States Magistrate Judge's Proposed Findings and Recommended Disposition, and Petitioner's objections thereto, and being otherwise fully advised, the Court finds that the Petition should be **DENIED** for the reasons stated herein.

**FACTUAL AND PROCEDURAL HISTORY**

On October 9, 2001, Petitioner pled no contest in the Second Judicial District of the State of New Mexico to two counts of felony false imprisonment, one count of felony aggravated assault, and one count of misdemeanor aggravated battery against a household member. Petitioner was sentenced to probation but his probation was later revoked and he spent the remainder of his sentence in state custody. Petitioner did not file a direct appeal to his state sentence. Petitioner's sentence terminated on August 21, 2005.

In June of 2007, Petitioner was charged in federal court with being a felon in possession of

a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and possession of a stolen firearm in violation of 18U.S.C. §§ 922(j) and 924(a)(2). Under the Armed Career Criminal Act (ACCA), Petitioner faces a mandatory fifteen-year sentence due to his underlying convictions for false imprisonment and aggravated assault.

On April 17, 2008, Petitioner filed a petition for writ of habeas corpus in New Mexico state court, which was summarily denied. The Supreme Court of New Mexico subsequently denied certiorari. The instant Petition was then filed on July 31, 2008.

On April 20, 2009, Magistrate Judge W. Daniel Schneider issued proposed findings on this matter [Doc. 31]. Judge Schneider recommended that the Petition should be dismissed for lack of jurisdiction based on findings that Petitioner is not "in custody" for the purposes of § 2254, and that the Petition is time-barred. *See* 28 U.S.C. § 2244(d)(1) (providing for one-year statute of limitations on habeas claims); 28 U.S.C. § 2254(b)(1) (enumerating requirements for granting "[a]n application for a writ of habeas corpus on behalf of a person *in custody* pursuant to the judgment of a State court" (emphasis added)). Judge Schneider found that the Petition was time-barred because it was filed well over one year after Petitioner's judgment of conviction became final. Moreover, the court had no jurisdiction because Section 2254's "in custody" requirement was not satisfied as Petitioner was released from custody on August 21, 2005, nearly three years before he filed his federal habeas petition. Judge Schneider further found that no exception to the "in custody" requirement applied. On April 28, 2009, Petitioner filed timely objections to Judge Schneider's proposed findings [Doc. 32].

**ANALYSIS**

**I.     Section 2254's "In Custody" Requirement**

In his objections to Judge Schneider's proposed findings, Petitioner does not dispute the fact that he was not "in custody" when he filed his § 2254 petition. Rather, Petitioner relies on *Daniels v. United States*, 532 U.S. 374 (2001), where the Supreme Court acknowledged two exceptions to the "in custody" requirement, allowing a defendant to challenge the validity of a prior conviction for which he is not currently in custody. In *Daniels*, the Court first reiterated the holding of *Custis v. United States*, 511 U.S. 485 (1994), that Section 2255's "in custody" requirement does not bar an attack on previous convictions if such an attack is based on a trial court's failure to appoint counsel in violation of the Sixth Amendment. *Id*. at 378.[1] The Court also recognized, but did not further articulate, an exception in "rare cases in which no channel of review was actually available to a defendant with respect to a prior conviction, due to no fault of his own." *Id*. at 383. Petitioner argues that his is such a "rare case," in that the assistance of his defense counsel for his state charges was so ineffective that it amounted to the functional equivalent of a denial of the right to counsel in violation of *Gideon v. Wainwright*, 372 U.S. 335 (1963).

Petitioner argues that his case fits the *Daniels* exception because the defense attorney on his state charges, Raul Lopez, did not render effective assistance. Specifically, Petitioner alleges that Mr. Lopez was unwilling to hear his story of the events underlying the charges; did not investigate the case or interview witnesses; and coerced him into pleading no contest, stating that he should not exercise his right to go to trial because domestic violence charges in New Mexico result in automatic

---

[1]Section 2255's "in custody" provision is identical to that of Section 2254; accordingly, the analysis is the same.

convictions. Accordingly, Petitioner argues that this representation amounted to the functional equivalent of a *Gideon* violation and he should fall within the exception to the "in custody" requirement the Supreme Court referenced in *Daniels*.

Petitioner's claim is essentially one of such grossly ineffective assistance of counsel that it amounted to no assistance of counsel at all. According to Petitioner, but for counsel's constitutionally defective assistance, he would not have pled no contest to the state charges of false imprisonment and aggravated assault, of which he was actually innocent. However, this claim is undermined by Petitioner's colloquy with the court when he entered his plea. According to the transcript of Petitioner's plea colloquy with the State District Court, Petitioner told the court that he understood he was waiving his right to trial, he had adequate time to discuss the terms of the plea with defense counsel, he fully understood the terms of the plea, no one threatened or coerced him into entering the plea agreement, and he was satisfied with defense counsel's representation. *See* Tr. of Proceedings, Oct. 9, 2001 at 3-5. Defense counsel then stated that he was satisfied that Petitioner understood the agreement and had entered it voluntarily. *Id*. at 5-6.

When presented with a petition for habeas corpus based on a claim of ineffective assistance of counsel, a district court must be "doubly deferential." *Yarborough v. Gentry*, 540 U.S. 1, 6 (2003). Numerous courts have denied relief under §§ 2254 and 2255 to petitioners alleging that their guilty pleas were the product of ineffective assistance, where the plea colloquies have demonstrated otherwise. *See Fields v. Gibson*, 277 F.3d 1203, 1214 (10th Cir. 2002) (rejecting habeas petitioner's claim that guilty plea was involuntary based on adequate plea colloquy between court and defendant at change of plea hearing); *United States v. Tolson*, 372 F. Supp. 2d 1, 22 (D.D.C. 2005) (rejecting petitioner's allegations that plea was coerced when she stated under oath at plea hearing that she

4

understood that she had right to request jury trial and that she had not been coerced into entering plea); *United States v. Farley*, 72 F.3d 158 (D.C. Cir. 1995) (finding petitioner's plea was not coerced where record of plea colloquy showed that court had asked petitioner whether anyone had threatened or forced him to plead guilty); *see also Hines v. Miller*, 156 F. Supp. 2d 324, 332 (S.D.N.Y. 2001) (denying writ of habeas corpus where petitioner alleged that counsel strongly urged a guilty plea because petitioner was unlikely to prevail at trial and would wind up serving a shorter sentence by pleading guilty).

As the above-cited cases demonstrate, Petitioner's ineffective assistance claims would not even state a meritorious claim under § 2254 if he met all of that statute's requirements, specifically the "in custody requirement." Therefore, his claims certainly do not pass muster under *Daniels*, which provides for an exception for certain "rare cases." *See Daniels*, 532 U.S. at 383.

## II.     One-Year Statute of Limitations

Petitioner further argues that his Petition should not be dismissed as time-barred. 28 U.S.C. § 2244 provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Petitioner argues that "his awareness of the . . . egregious federal

consequences of his unconstitutional state convictions should be considered the triggering event" of the one-year period. Pet'r's Rebuttal to Surreply at 6. However, in *Daniels*, the Supreme Court held:

> Were we to allow defendants sentenced under the ACCA to collaterally attack prior convictions through a [habeas] motion, we would effectively permit challenges far too stale to be brought in their own right, and sanction an end run around statutes of limitations and other procedural barriers that would preclude the movant from attacking the prior conviction directly. Nothing in the Constitution or our precedent requires such a result.

532 U.S. at 383. Here, Petitioner has launched precisely the type of collateral attack on a prior conviction against which the *Daniels* Court warned. The Court therefore declines to find that the statute of limitations was tolled until Petitioner learned of the consequences of his prior convictions under the ACCA.

**WHEREFORE, IT IS ORDERED** that the findings and recommendations of the United States Magistrate Judge are adopted.

DATED this 9th day of October, 2009.

**MARTHA VAZQUEZ**
**United States District Judge**